UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7656-GAF (AJWx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | Jackson National Life Insurance Company v. Shaani Brown et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

### ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On September 6, 2012, Plaintiff Jackson National Life Insurance Company ("Jackson"), a corporation that, among other things, issues life insurance policies in the form of annuities, filed an interpleader action. (Docket No. 1, [Interpleader] ¶¶ 4, 5, 12.) The subject of this case is an annuity contract (the "Annuity") that Jackson issued to Daniel Brown ("Brown"), now deceased. Jackson's interpleader was filed against Defendants Shaani Robideaux[1] ("Shaani"), Robideaux Knox Brown[2] ("Knox"), and Carolan Brown ("Carolan") (collectively, "Defendants"). (Interpleader.) Jackson asserts that Defendants have competing and adverse claims to the Annuity, and that Jackson has a "real and reasonable fear of multiple liability." (Id. ¶¶ 18–20.)

Plaintiff again alleges that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1335. (Id. ¶ 1.) However, as set forth below, the Court cannot presently determine whether the Court has subject matter jurisdiction. Accordingly, Plaintiff is **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

---

[1] Shaani was erroneously sued as "Shaani Brown." (Docket No. 9 [Stipulation to Extend Time] at 2.)

[2] Knox was erroneously sued as "Knox Brown." (Docket No. 18 [Counterclaim] ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7656-GAF (AJWx) | Date | November 26, 2012 |
|---|---|---|---|
| Title | Jackson National Life Insurance Company v. Shaani Brown et al | | |

action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (court has duty to establish subject matter jurisdiction over action sua sponte, whether the parties raise the issue or not).

28 U.S.C. § 1335 grants original jurisdiction over an interpleader action when it is brought by a stakeholder that has property worth $500 or more, two or more adverse claimants of diverse citizenship claim to be entitled to it, and the property has been deposited into the registry of the court. See 28 U.S.C. § 1335. § 1335 requires only "minimal diversity - defined as diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." Mock v. Collins, 2004 U.S. Dist. LEXIS 29254, at * 5 (C.D. Cal. Sept. 1, 2004) (internal quotations and citation omitted). A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Furthermore, "[t]he deposit of the disputed payment is a jurisdictional requirement." Aurora Nat'l Life Assur. Co. v. Johnson, 2007 U.S. Dist. LEXIS 40135, at *5 (N.D. Cal. May 14, 2007); see also United States Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 210 (3d Cir. 1999) ("A proper deposit or bond is a jurisdictional prerequisite to bringing an interpleader.").

Plaintiff states that "Plaintiff is informed and believes and thereon alleges that Carolan Brown resides in California and Shaani Brown resides in Washington." (Interpleader ¶ 1.) This is plainly insufficient; state of citizenship is required. It is also not clear from the interpleader action or any subsequent document that Plaintiff has deposited the money in dispute - $500,000 - into the registry of the Court. Plaintiff's interpleader states only that it requests in its prayer for relief "[t]hat, upon depositing the current Death Benefit of $500,000 to the Court, Plaintiff be discharged from all liability." (Id. at 4.)

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE no later than Monday, December 3, 2012**, as to why the Court should not dismiss this action for lack of subject matter jurisdiction. Failure to respond by this deadline will be **deemed consent to dismissal**. The hearing presently scheduled for December 3, 2012 is hereby **CONTINUED to December 10, 2012**.

**IT IS SO ORDERED.**